## GAUTHIER v OZARK LAND COMPANY

Ohio Appeals, 9th Dist, Summit Co

No 1968. Decided Jan 18, 1932

Schwab & Heiser, Akron, for plaintiff in error.

Nelan & Walsh, Akron, for defendant in error.

FUNK, J.

It seems to be well settled in Ohio that a sale and conveyance of real estate, at private sale, to pay debts, by an executor under the power's granted in the will, gives the purchaser good title as against the lien of a creditor of a devisee under such will on the undivided interest of such devisee.

**31 Oh St 144, Smyth v. Anderson.**

This case has not been modified or overruled, and has been followed in the **43 Oh St 509, at p. 523,** Norton v. Norton; 6 Cir. Dec. 826, Moore v. Herancourt; and 5 O. Dec. 474, Barkman, Admr., v. Hain.

However, it is contended that, when said executor asked the court to determine the validity and amount of the liens or debts of certain creditors of testator who claimed some interest in or lien on said real estate, and for authority to sell said real estate at private sale under the powers granted by the will and pay such amounts as the court might find due such lien claimants out of the proceeds of such sale, in addition to the quieting of the title as against certain defects in the chain of title, such allegations and prayer in the petition made it an action to sell real estate to pay debts and thus brought it within the provisions of GC §10774 et seq., and that consequently, under §10780 GC, plaintiff was a necessary party to the action, and not having been made so, he is now entitled to have his judgment lien enforced as against an innocent purchaser for value from said executor, even though the sale and conveyance was made by said executor at private sale under the powers granted in said will.

It will be first observed that said action by the executor was primarily an action to quiet title.

It will be next observed that the power of the executor to sell at private sale is a limited power—that is, it is limited to the necessity of selling to pay debts; and we think it was altogether proper, as an incident to the proceedings to quiet title, for the executor to set forth the liens on said real estate that were debts of the testator and ask the court to determine them, and thus in part at least put the responsibility on the court to determine the necessity of selling to pay debts.

It will next be noted that the action was to quiet title only as of the date of the death of the testator.

It will be further noted that the prayer of the petition, after asking that the title be quieted as against certain irregularities and that the court determine the claims and the amount due, if anything, to certain creditors of said testator, then, as an incident thereto, asks that said executor "may have an order to sell said property at private sale, in accordance with the power and authority set forth in the will" of said testator.

It must be further noted that the journal entry shows that the court found "that the plaintiff herein, as executor, is seized of an interest in and to all the real estate described in said petition and is entitled to the possesion thereof to apply said real estate by sale thereof to the satisfaction of the debts and claims allowed against said estate and payable by the executor," and then, after finding that certain defendants have valid claims against said estate, the court further finds "that said claims have been allowed and until paid constitute liens against said premises in said petition described in the amounts set forth in their respective answers; that to satisfy and pay said claims, it is necessary to sell the real estate in the petition described."

After finding that certain persons have no interest in said premises, the court continues and finds "that plaintiff is entitled and ought to have legal title for the purpose stated in his said petition to the premises described in said petition, and his possession thereof quieted as against each and all of said defendants as prayed for in his said petition."

The entry then proceeds to describe and quiet the title in the executor as against all defendants except those having liens thereon, and also finds the amounts due certain defendants. The entry contains the further order and decree "that the plaintiff herein proceed to sell said premises in said petition * * * at private sale, as provided in the will of Daniel O'Marr, free from dower of the widow, subject to the right of Henry Y. McCandlish, or in such manner, upon such terms of credit or otherwise, as he may think proper, all or any part of said real estate, and deed to purchasers to execute, acknowledge and deliver in fee simple."

For a clearer understanding of the last quoted part of the journal entry, it may be stated that Henry Y. McCandlish was a lessee of one of the parcels of real estate in question, under a lease signed by the executor and widow of testator, with several years to run at that time.

We have quoted from the prayer of the petition and the journal entry to show that

the findings and orders of the court were entirely foreign to an action under the statute to pay debts; that the action, as heretofore stated, was primarily an action to quiet title and incidentally to determine the validity and amount of certain claims against the estate to show the necessity of selling at private sale to pay debts; that the asking and granting of the order to sell under the terms of the will were surplusage and unnecessary and mere incidents to the real action; and to further show that the action was not in fact or in nature an action to sell real estate to pay debts under the statutes (GC §10774 et seq.) but came within the rule announced in the case of **Smyth v. Anderson, supra.**

We are therefore clearly of the opinion that the mere asking for a determination of the validity and amount of certain claims against the estate of testator, and the asking for and granting of an order to sell under the terms of the will, did not bring said action within §10780 GC, and that plaintiff in this action was not a necessary party in said action to quiet title.

Furthermore, the authorities are to the effect that where a judgment creditor of a devisee of real estate under a will has a judicial lien on the interest of such devisee and the premises are sold by the executor at private sale to pay debts under the powers granted him in such will, the interest of such devisee is transferred to the fund arising from such sale, and consequently the lien of such judgment creditor upon such real estate is divested and is transferred to the interest of such devisee in the fund arising from such sale, and the purchaser obtains title free from such judgment lien. It follows that if the whole fund is required to pay the debts of such testator, such devisee receives nothing upon which such judgment lien can operate.

The record in the instant case shows that it took all the proceeds from the sale of the real estate in question to pay the debts of the estate of the testator, and that there was accordingly nothing upon which the judgment lien could attach, even though it were not dormant.

Finding that plaintiff in this action was not a necessary party in said action to quiet title it is not now necessary to determine whether or not said judgment was dormant at the time of the issuing of the execution in November, 1927.

Some claim is made that the power to sell to pay debts was joint with the executor and executrix and that the executor alone had no power of sale.

We find no merit in this contention, as

§10590 GC provides that such sale may be made by such remaining executor.

Judgment affirmed.

PARDEE, PJ and WASHBURN, J, concur.